IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARYANNE DENNER<br>    Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:17-cv-3527 |
| TEXAS DEPARTMENT OF<br>CRIMINAL JUSTICE<br>    Defendant | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Maryanne Denner, (hereafter identified as "Plaintiff" or "Ms. Denner"), files this Original Complaint, complaining of the Texas Department of Criminal Justice, and for her cause of action, respectfully shows the following:

## I.
## INTRODUCTION

1. This action seeks equitable relief, economic damages, compensatory damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for violations of Title VII committed against Plaintiff by Defendant.

2. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

3. Plaintiff, Maryanne Denner, is an individual residing in the State of Texas.

4. Defendant, Texas Department of Criminal Justice may be served with citation by serving its registered agent, Bryan Collier, Executive Director, 861-B I45 N, Huntsville, Texas 77320.

5. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

6. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. § 1331.

7. The Court has personal jurisdiction over Defendant since it regularly conducts business in the State of Texas, and therefore has minimum contacts with the State of Texas.

8. Alternatively, the Court has personal jurisdiction over Defendant since the acts giving rise to this suit occurred within the State of Texas.

9. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

## IV.
## PROCEDURAL REQUISITES

10. On February 1, 2016, Plaintiff filed a Charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission—Civil Rights Division.

11. On August 17, 2017, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue.

12. This suit is being filed within 90 days of Plaintiff's receipt of her Notice of Right to Sue.

## V.
## FACTS

13. Plaintiff, Maryanne Denner, is a former employee of Defendant, Texas Department of Criminal Justice ("TDCJ").

14. In 2005, Plaintiff filed a Charge of Discrimination against her employer, TDCJ, with the Equal Employment Opportunity Commission.

15. After being forced to resign from her position, Plaintiff subsequently filed suit against TDCJ asserting claims for sexual harassment and retaliation for unlawful conduct committed against her during her employment with TDCJ.

16. Following a jury trial, Plaintiff prevailed on her claims against TDCJ.

17. The jury awarded Plaintiff $45,000 in back pay and $75,000 in mental anguish damages.

18. Following her lawsuit against TDCJ, the TDCJ began retaliating further against Plaintiff.

19. For example, in response to employment verification requests from subsequent potential employers of Plaintiff, TDCJ provided inaccurate and disparaging information about Plaintiff, including telling potential employers that Plaintiff was fired by TDCJ and that Plaintiff was "ineligible for rehire" at TDCJ.

20. In 2015, Plaintiff began working as an Institutional Program Coordinator with Harris County Juvenile Probation.

21. In September 2015, Plaintiff applied for the Assistant Superintendent position with the Texas Juvenile Justice Department ("TJJD").

22. The position involved more pay than what Plaintiff was making in her position at the time, as well as a much more desirable work location.

23. On September 22, 2015, Plaintiff interviewed for the Assistant Superintendent position.

24. Following her interview, Plaintiff was conditionally offered the Assistant Superintendent position.

25. However, following Plaintiff being offered the position, TDCJ provided false and disparaging information about Plaintiff to TJJD.

26. On or about October 13, 2015, Plaintiff was told by the Superintendent, Jessica Cabrera, that Plaintiff could not be referred to the position due to negative information provided by the TDCJ in response to an employment verification request.

27. According to Ms. Cabrera, TDCJ stated that Plaintiff was fired by TDCJ and was "not re-hireable" by TDCJ thus disqualifying Plaintiff from the Assistant Superintendent position.

28. Plaintiff later re-applied for the Assistant Superintendent position.

29. However, upon re-applying for the position, Plaintiff's application was screened out from moving forward.

30. As a result, Plaintiff was denied the Assistant Superintendent position based upon the false and disparaging information about Plaintiff provided by TDCJ.

## VI.
## CAUSE OF ACTION—RETALIATION

31. Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

32. Pursuant to Title VII, it is unlawful for an employer to retaliate against an employee for engaging in protected activity.

33. As described above, because Plaintiff opposed unlawful discriminatory conduct in the workplace and thus engaged in protected activity under Title VII, Defendant subsequently retaliated against Plaintiff for previous opposition to discriminatory conduct, in violation of Title VII.

34. As a result of Defendant's actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional distress and mental anguish

35. Plaintiff has been forced to incur reasonable attorney's fees and court costs and seeks to recover for these costs.

## VII.
## JURY DEMAND

36. Plaintif demands a jury on all issues triable to a jury in this case, and requests that this case be placed on the Court's jury docket.

## VIII.
## ATTORNEY'S FEES

37. Paragraphs 1 through 36 are incorporated by reference as if fully set forth herein.

38. Plaintiff is entitled to recovery of her attorney's fees and costs incurred in the prosecution of these claims, both at the trial level, along with conditional appellate awards for each level to which judgment rendered in this matter is taken.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing in this cause, Plaintiff have and recover against Defendant the following:

a. Compensatory damages as allowed by law;

b. Past economic damages as allowed by law;

c. Future economic damages as allowed by law;

d. Pre-judgment and post-judgment interest as allowed by law;

e. Attorney's fees and costs of court; and

f. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

AHMAD & CAPODICE, PLLC

/s/ Nasim Ahmad
Nasim Ahmad
State Bar No. 24014186
nahmad@ahmad-capodice.com
Dwain Capodice
State Bar No. 24009960
dcapodice@ahmad-capodice.com
24900 Pitkin Rd., Suite 300
The Woodlands, Texas  77386
Telephone:  (832) 767-3207
Telecopier:  (281) 864-4379

ATTORNEYS FOR PLAINTIFF
MARYANNE DENNER