IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARYANNE DENNER | § | |
|     Plaintiff | § | |
| | § | CIVIL ACTION NO. 4:17-cv-3527 |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE | § | |
|     Defendant | § | JURY DEMANDED |

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff, Maryanne Denner, moves in limine, prior to the voir dire examination and out of the presence and hearing of the jury panel, that the Court order all parties, attorneys, and witnesses not to refer, directly or indirectly, in any manner whatsoever, in the presence of the jury panel, or the jury finally selected to try this case, to any of the following matters without first approaching the Court out of the presence of the jury or jury panel, so that the Court may determine the admissibility or relevancy of such matters before they are injected into the case in the presence of the jury or jury panel. The matters are set forth in the attached proposed Order.

                          Respectfully submitted,

By:   /s/ Nasim Ahmad
       Nasim Ahmad
       Texas Bar No. 24014186
       nahmad@cline-ahmad.com
       Dwain Capodice
       Texas Bar No. 24031915
       dwaincapodice@gmail.com
       AHMAD & CAPODICE, PLLC
       24900 Pitkin, Suite 300
       The Woodlands, Texas 77036
       Telephone:  (832) 767-3207
       Telecopier:  (281) 864-4379

       ATTORNEY FOR PLAINTIFF
       MARYANNE DENNER

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record on this the 7th day of October, 2019, as follows:

Penny Maley
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711

                                                     /s/ Nasim Ahmad
                                                     Nasim Ahmad

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARYANNE DENNER | § | |
|     Plaintiff | § | |
| | § | CIVIL ACTION NO. 4:17-cv-3527 |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE | § | |
|     Defendant | § | JURY DEMANDED |

### ORDER IN LIMINE

After hearing the arguments of counsel, and reviewing the applicable authorities, the Court hereby orders that Defendant and its counsel are precluded from referring to, discussing, or eliciting testimony on any of the following issues, without first approaching the Court out of the presence of the jury, so that the Court may determine the admissibility of such matters before they are introduced into the case.

1. Any mention during opening statement that "anybody can file a lawsuit" or that suggestion that the case has not been subject to a factual review.

    GRANTED _____        DENIED _____

2. Any references or suggestions that the lawsuit has been instigated, contrived, or encouraged by Plaintiff's attorneys. Such an argument is demeaning to the profession and violates the Texas Lawyer's Creed.

    GRANTED _____        DENIED _____

3. That counsel for the Defendants not express their personal opinions regarding the case. *Wallace v. Liberty Mutual Insurance Co.,* 413 S.W.2d 787 (Tex. Civ. App.--Houston 1967, *writ ref'd n.r.e.*).

    GRANTED _____        DENIED _____

4. Any suggestion that any specific issues in this case are "Plaintiff's" issues or issues that will permit Plaintiffs' recovery or "defensive" issues or issues that will defeat Plaintiffs' recovery. Any such argument or inference would have the effect of advising the jury or jury panel of the effect of its answers to special issues in

violation of the law and would clearly prejudice the right of the Plaintiffs to a fair trial.

GRANTED _____ DENIED _____

5. Any references or suggestions that Plaintiff has engaged in extraneous specific instances of bad conduct. Under the Federal Rules of Civil Evidence, testimony concerning extraneous bad acts is inadmissible unless such acts are probative of untruthfulness. FED. R. EVID. 608.

GRANTED _____ DENIED _____

6. Any reference that Plaintiff previously asserted any other claims against Defendant or that Plaintiff dismissed any such claim. Any such remarks would be extremely prejudicial, irrelevant, and would make it impossible for Plaintiff to receive a fair trial. FED. R. EVID. 401, 403.

GRANTED _____ DENIED _____

7. Any evidence or arguments of the effect of the case, verdict, or judgment on the Defendant, its finances, its ability to increase employment or retain employees, the effect on current or future employees or a suggestion that the taxpayers would be required to pay the judgment.

GRANTED _____ DENIED _____

8. Any reference to the fact that the jury's verdict is not the final, binding determination of liability or damages. Any such remarks would be extremely prejudicial to Plaintiffs and would make it impossible for Plaintiffs to receive a fair trial. FED. R. EVID. 403.

GRANTED _____ DENIED _____

9. Any mention of the Plaintiffs' right to recover pre-judgment and post-judgment interest.

GRANTED _____ DENIED _____

10. Any reference to the fact that the Plaintiff has filed a Motion in Limine requesting relief from the Court or that such relief has been granted by this Court. Any reference to this Motion in Limine or any relief that might have been granted would be so prejudicial as to deprive the Plaintiff of a fair trial.

GRANTED _____ DENIED _____

SIGNED on this the _____ day of _____, 2019.

_____
HONORABLE ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE